1914-51 Todd Charles Penn v. Jason Bergtold Arguments not to exceed 15 minutes per side Mr. Ray E.T. from the Appellant Good morning Good morning, Your Honours May it please the Court Christopher Ray E.T. on behalf of the Appellant Officer Jason Bergtold Your Honours, we're here on a qualified immunity question In this particular case the plaintiff brought charges or claims of both false arrest and malicious prosecution under the Fourth Amendment The District Court's error was in applying the rubric under Sykes required to take a look at what the officer put in his police report factor in those alleged falsehoods and omissions and determine whether or not there was still at least arguable probable cause for the prosecution In this particular case, the District Court failed to perform that analysis and if it had because of the uniqueness of this case where it's a single incident that was memorialized by the police report the analysis for arguable probable cause for the arrest should be the same as that for the malicious prosecution The judge here applied a different standard, did he not? He said you could have arguable probable cause for the arrest but you had to actually have probable cause for the prosecution Precisely, Your Honour You're saying he's legally wrong on that? I am, Your Honour, and there's several cases with malicious prosecution that hold exactly that, that the court has to The standard is the same, so the arguable probable cause for both So you're saying the judge's ruling is inconsistent? Yes, I am, Your Honour, and this is with all deference to Judge Lightman, who I think is a very good judge there are situations where that might apply, where there would be different different analyses, but in this case, we've got an arrest for alleged retail fraud That arrest was memorialized in a police report There's no difference, is what I'm saying, between Is it important that there is no cross appeal regarding the grant of qualified immunity for the false arrest that that issue now is off the table and that ruling stands? Well, there is, Your Honour, as Plaintiff alleged in his brief went into whether or not there was a suggestive show-up or other things that might have implicated whether or not the I'm going back to the standard He doesn't appeal that as a false arrest that you need only arguable probable cause and there's a finding of arguable probable cause here by Judge Lightman There's no appeal of that, so I think that is the ruling But because there's no cross appeal, they're kind of stuck with that that there is arguable probable cause Yes, Your Honour And if we apply that both to malicious prosecution and to false arrest the standard is to say you win, because we have a ruling on that, right? Apparently I don't need all my time then, Your Honour No I think that's exemplified in the Buchanan v. Metz decision that came out just a couple of years ago Similar to the Buchanan decision, in that case, there was an investigator who submitted an affidavit for both false arrest and malicious prosecution The court analyzed what was in that affidavit factored in the alleged falsehoods and omissions and determined whether or not there was still arguable probable cause because the investigator was entitled to qualified immunity It was a requirement of actual probable cause, as Your Honour mentioned that raises the bar on qualified immunity and distinguishes it from the position in Sykes that is often relied upon in malicious prosecution claims Sykes did not involve qualified immunity So therefore, because there was no probable cause for the arrest there also was no probable cause for malicious prosecution As Your Honour pointed out, this case is sort of the opposite Because there was arguable probable cause for the arrest there's arguable probable cause for the prosecution in this case Was there an indictment, Mr. Penn? I don't believe so, Your Honour I don't have that readily in front of me Certainly, the only participation that Officer Bergtold had was the arrest, of course, and submitting his police report There wasn't any subsequent investigation He gave it to Detective Mintz, who forwarded it on to the prosecutor Why wouldn't you have an indictment? I'm just curious Isn't that normal? Here in Michigan, we don't have indictments Oh, is that right? In Michigan Never? It can be a special grand jury in different cases but the prosecutor has the authority to bring the charges without a grand jury What's the effect of the denial of the motion for judgment acquittal? Well, all that is is one of the elements in the malicious prosecution claim A federal malicious prosecution claim has four elements That is just one of them If there's not an acquittal, then there cannot be a malicious prosecution claim because the issue of probable cause is foreclosed But why isn't... What's funny to me about this area and it's similar to my grand jury question because it comes up in states which have grand juries Why isn't it quite significant? I mean, this is a friendly question, just so you're not confused Really a harder question for the other side Why isn't it quite problematic that the trial judge said I'm not going to grant them... I'm going to let this go to a jury Why isn't that suggestive that there was a lot here that would suggest you could find someone beyond a reasonable doubt guilty? Well, it's certainly suggestive, but it's not binding My reading of the malicious prosecution case law is that... I don't understand why it's not binding That's my curiosity It's just very strange to me You have a neutral who's deciding whether the jury gets to find beyond a reasonable doubt that this person was guilty That's a high standard and the judge says, yes, they do get to decide that Doesn't that suggest there's got to be probable cause? Of course, it certainly suggests it, Your Honor and that would certainly be an issue if this matter were to go to trial However, at this... Cases have never said it's outcome dispositive I think in the grand jury setting they kind of have and that strikes me as a pretty good analogy In other words, there's cases outside Michigan which say if you go to a grand jury and the grand jury says there's probable cause for this indictment so you have the indictment that usually blows up malicious prosecution claims barring reliance on fraudulent evidence at the grand jury Do you understand why I think they're similar? I do, Your Honor, and not to argue against myself but I think the reason in this case why it may not be outcome determinative is because there is an allegation that Officer Berg told falsified certain things and the court said that there was sufficient there was evidence sufficient that he was either deliberate or reckless with the truth That false... Just remind me, I should know this but that false... falsity or potential falsity was in front of the trial judge when the trial judge denied the motion for acquittal? Yes Well, I don't know if it was alleged as being a falsity but it was certainly that the distinction between for example, what Kathleen Simon testified at trial versus what was attributed to her in the police report certainly those differences were explored at trial So my point is there was no falsity all the evidence was on the table in front of the trial fact I'm not sure that's the case No? I think that these witnesses were called to trial I'm not sure that it was known ahead of time that they would deny that they positively identified the plaintiff I think you're... It's kind of my understanding Yes, I think you're... One city was going to go along with the identification and the trial I think... Anyway It's my understanding that the trial testimony was kind of unexpected and obviously created some reasonable doubt with the jury when you've got a couple of people at the scene that say no, he's not the guy That's accurate, your honor But to the... Getting back to the false... I mean, if your client deliberately falsified the police report and did it maliciously and intentionally and everything else even though there would be probable cause to prosecute is there not a malicious prosecution claim for deliberate, intentional misrepresentations? No, your honor, there's not That's kind of what they're arguing They're kind of arguing, okay, even if there's probable cause he ought to be held responsible for malicious prosecution because he had bad stuff in his report Well, that particular aspect of the claim is part of the first element, the participation element of what the officer allegedly did what type of influence he had over the prosecution and whether or not there was probable cause is a separate element of a malicious prosecution claim just as it is for false arrest By analogy, if a police officer arrests his ex-wife for no other reason than he's upset at her that's a false arrest unless he's got a warrant out for arrest that he's unaware of If there's independent probable cause irrespective of the officer's motive Okay, all right, that's important If there's probable cause there but the officer has a bad motive and is a bad guy and does bad things but irrespective of all those bad things if there's probable cause you cannot be prosecuted or you cannot be... There's no claim There's no Fourth Amendment violation Right, and then added on top of that the qualified immunity element of it or a rubric that as long as there was arguable probable cause whether for the arrest or the prosecution he's entitled to qualified immunity All right Judge Guy, do you have any questions? No, I think it's been adequately covered Okay, thank you We'll take it to the other side Good morning Good morning, Your Honors May it please the court Kenneth Feingold appearing on behalf of the appellee Mr. Todd Penn The trial court denied qualified immunity on the plaintiff's unlawful prosecution claim finding genuine issues of material fact and by doing so they did not fail to apply the appropriate standard under the unlawful prosecution claim by finding genuine issues of material fact because what the defense is really doing here is they're conflating a denial of qualified immunity on plaintiff's false arrest claim based upon a finding of a reasonable belief in probable cause in the context of a real-time arrest They're confusing this with a denial of qualified immunity on the unlawful prosecution claim based upon the genuine issues of fact as a direct result of the unreasonable conduct of the defendant in making deliberate and reckless misrepresentations which violated clearly established rights Can I ask you a question that just confuses me about this case and maybe it's another feature of Michigan law that I don't appreciate Sure So this is malicious prosecution is the one we're focused on Not unlawful prosecution Is there another? It is unlawful prosecution Okay, unlawful prosecution Is that claim different from malicious prosecution? It's more form over substance to answer your question Let's just keep it Okay, unlawful prosecution What's funny about it to me is we have false arrest we have that whole area but the officer is the one being sued on this unlawful prosecution claim Yes Why is that when it's doesn't the prosecutor have to make the ultimate choice whether there's probable cause or is that something I've just got wrong? It's not The question is whether or not the prosecutorial decision was influenced by or made a or participated in by the conduct the wrongful conduct of the police officer Well that's fair if you've got fraud by the officer but if the extent the claim is about the officer not appreciating probable cause that seems very strange to me No, no, no Okay Well if I may continue and maybe I can answer your questions in that manner and if I don't please stop me and we can address it head on And just to get back to so we're all talking with the same language here Malicious prosecution is a state tort and under Sykes v. Anderson the court went out of its way to say that there really is no such thing as malicious prosecution under the federal law because malicious prosecution gives the unfair impression of subjective motives and really it's a Fourth Amendment claim which is based I don't know to which one of us you're talking but I think we get this point but let's just call it unlawful prosecution Okay The point is you need probable cause Yes, yes, yes, of course Why isn't the final decision maker of probable cause the prosecutor? Am I wrong about that? Yes Is that not how it works? It is but what if he's what if he's making a good faith decision on probable cause based on false deliberate and reckless misrepresentation Okay, right, right So that I think must be at the nub of it but let's let's pretend for the sake of argument there was no falsity just a mistake Okay, so the mistake was thinking there were probable cause and let's adopt your view of the world there was not probable cause to arrest Okay, let's just say you're right about that and he arrests he then recommends the prosecutor there's probable cause that this guy did this there's no lies just a a mistake and assessment of probable cause The prosecutor the probable cause the prosecutor looks at this and says show me everything and he the prosecutor says yeah, I think you're right let's go forward In that setting I take it the officer could not be found liable because the prosecutor's decision would inoculate him No, because he didn't do anything wrong he would get qualified immunity for simple negligence simple mistake if you will a mistake of a reasonable belief that there was probable cause Okay, there there lies there lies the difference Okay, so I'll change the fact pattern it's not reasonable mistake he just gets it wrong he just botches it but no lies no fraud just Well, I mean I think you have might have to be Prosecutor does the same thing prosecutor does the same thing You can't sue the prosecutor the question is what did the prosecutor rely on if it was a simple a forgivable mistake if you will then yes they get qualified immunity that's what's going on here he doesn't he doesn't get qualified immunity because he engaged in objectively unreasonable conduct by making materially false statements upon which the prosecutorial decision was made and we know this first of all part of the problem here with all due respect to the defense is it's almost like a rhetorical sleight of hand talking about this arguable probable cause there's no definition in his brief or in any law or any case that I have read that even uses that term so the real question is you have qualified immunity and you have actual probable cause so you either get qualified immunity or you have actual probable cause it's not like well it's kind of like probable cause I don't even know what they mean by arguable probable cause there's no cases that even cite this so in the sixth circuit the question of probable cause is a question of fact for the jury unless unless there is only one reasonable determination of probable cause possible that's quote unquote the the opinion says that but I've written the other way that probable cause is a legal determination the jury's responsibility is to find facts that may be relevant to the legal determination of probable cause but no probable cause is not submitted to the jury it's submitted to the judge understood but I recognize there's a case that you quote that says the other way but I disagree with okay and and and you're you're fully within your rights to do so Judge Lightman recognized that line of cases and basically said uh if I were to consider this simply as a question of law I would still deny qualified immunity because there are unresolved important uh uh questions of fact upon which let's go to the facts here uh the the police report he says that incorrectly that two other witnesses Leonard and Gauthier had positively identified your client and that ended up being incorrect however if we take that out uh he did accurately put into the police report that Anthony and Simons had positively identified the defendant at the scene why aren't those two positive IDs sufficient for probable good question and just uh not to be nitpicking here but you have it backwards it doesn't matter okay it's two and two okay let's just put it that way um it's not sufficient because what the defendant is arguing the court failed to do which it in fact did do okay and for purposes of this court you may do on de novo review is take out those malicious uh excuse me malicious those deliberate and reckless material misrepresentations and add back in the uh omissions that Anthony and Simons not only denied that this was uh didn't say uh didn't positively identify this gentleman they affirmatively said it wasn't him so when you add those back into the equation if you will you are not left with one reasonable determination of proximate cause what you are left with is the only commonality no no no it's not and I'll say why what you're really left with is a commonality of an older African-American male who is substantially taller wearing substantially different clothes um with a normal demeanor as opposed to a substantially shorter African-American male who was displaying uh a mentally unstable demeanor described by two witnesses only moments before taking the evidence in the light most favorable was there any evidence put in to show that Mr. Penn actually went in the value city they must have had that with the cameras was that evidence put in yes we have was it yes yes yes and he had a receipt to show that he was there in the contemporaneous time period he can't be in two places at once it's that simple the prosecutor also looked at the surveillance video of bed and bath before he decided to prosecute so I haven't seen the surveillance video but I assume it didn't go against the two witnesses you're saying there's a receipt from value city a time stamped receipt he was there engaging in business he was never at the bed bath and beyond he wasn't even close to the bed bath and beyond and the cases relied upon by the defense in this case don't really support their position you go back to my question about the surveillance video you have thought that he was the guy that was the thief but the prosecutor looked at the surveillance video and that didn't say he's obviously not the thief is that right it's not part of our record to be perfectly honest with you what the prosecutor did or didn't do I read in the briefs or somewhere that there was a surveillance video and he did not  the thief you're denying that I'm not denying that I'm just saying that that's not a dispositive fact in this case the video was about three seconds you've got two positive witnesses you've got a surveillance video plus you've got the similarity that both people the thief said I work for the police and then your guy said I work for the police or you guys too which is you've got two people that both claim to be police officers so I mean that's another thing that puts them together the problem and they relied on that and the Mr. the defendant officer relied on that he said I thought that was very determinative that it's a heck of a coincidence well the two people both say hey I'm a police officer that doesn't happen too often the problem with that is that that really doesn't come into the probable cause analysis why because he kind of a fluky coincidence okay does it make it more or less probable that this might be the same guy because he misrepresented that initial encounter within 60 seconds I mean your argument was that he said that your client as soon as he approached him he said by the way I'm a police officer and no the real true fact is he said I'm a police officer 60 seconds later only after he was even asked so it's a coincidence that it's 60 seconds later rather than it makes a big difference because he's leaving a false impression that there are four people who have now identified this man and that this guy couldn't wait to tell him that I am one of you guys well it's blatantly contradicted by the video it doesn't matter if he's wants to tell him I'm one of you guys or he just does tell him the fact that you got two people both saying hey I'm a police officer well that's not odd let's see are you the same guy as this guy oh no they just coincidentally both claim to be police officer that doesn't happen very often well it may I mean if you're saying how many African older African American men may also be law enforcement I don't know what that means I think it's a matter of confirmation bias I think the officer heard something about law enforcement and everything else was going to be pigeonholed in that to confirm what he already believed okay but the real question becomes whether or not there is a genuine issue of fact on the question of probable cause I think well there's an issue of fact for the jury to resolve but I to me probable cause is a legal question a legal determination for us for the district judge he refused to make it I think well he did he did make it for the unlawful arrest the false arrest claim but then he doesn't want to make it for the malicious prosecution claim well I think with due respect to your honor though that would totally take out of the equation the wrongful conduct of the defendant officer you don't get qualified immunity for objectively unreasonable conduct in falsifying a report upon which a prosecutorial decision is made it's different it is material what if the alleged false information did not affect the determination of probable cause and whether you consider this other material I mean you agree or disagree with that if it's immaterial then it's immaterial but the whole idea is this is not immaterial excuse me I think you got the answer there judge guide do you have any questions I have one question you didn't challenge the reasonableness of the rest in this field did you no I didn't and I don't do that today because I believe that the trial court granted qualified immunity that doesn't mean that there is probable cause you either have sufficient indicia of probable cause or you don't I understand that counsel what I was leading up to is this that determination that the arrest is reasonable it doesn't mean that nothing was wrong under those circumstances the officer acted objectively reasonable and the question then becomes so as you can see from the discussion that the there appears to be a carryover once that determination is made because the officer at that point handed in his report he didn't even a detective was assigned to the case then it went through the prosecutor and whatnot and there was in effect no way to the degree that there was the officer did something wrong there was actually procedure was such that he didn't get his hands on the thing again his report carried through to the very end and that seems to be the wall you're running up against I understand your point though that the one doesn't necessarily control the other and that's precisely the point because we have a thought experiment here what if I never brought a claim for false arrest and simply brought the claim based on unlawful prosecution then there wouldn't be this preamble by the district court going through its analysis on whether or not there was a probable cause for the arrest it wouldn't have been relevant and nor is it any more relevant because the judge made his decision on false arrest an arrest made in real time now we're talking about something he's putting pen to paper in order to participate and influence a prosecutorial decision and the law would be very clear that those material misrepresentations I appreciate it thank you thank you very much we'll hear rebuttal if there is any just briefly your honor just to address a couple I think your honors hit it right on the head the court       say a couple of things and then I'll go back to Mr. Penn one thing he said there's nowhere is arguable probable cause defined throughout six circuit law most recently in Dolbin v. Miller which is 786 federal appendix 52 arguable probable cause is reasonable but mistaken belief that probable cause was present similarly in the Buchanan case I mentioned earlier the question at issue here is whether in analyzing that evidence no reasonable officer would believe that a crime was being committed so long as the court can say that a reasonable officer could believe that there was a crime      as the court can say that a reasonable officer could believe that a crime